## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

JOSEPH DOE,               )
                             )
    Plaintiff,          )
                             )
v.                         )       **Case No. 7:18cv523**
                             )
**VIRGINIA POLYTECHNIC INSTITUTE**  )
**AND STATE UNIVERSITY, et al.,**    )
                             )
    Defendants.        )
                             )

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

Defendants Virginia Polytechnic Institute and State University, Timothy Sands, Frank Shushok, Jr., Katie Reardon Polidoro, Frances Keene, Ennis McCrery, and Aaron Reistad (collectively "Defendants"), by counsel, submit this brief in support of their Motion to Dismiss Pursuant to Rule 12(b)(1). This Court lacks subject matter jurisdiction to hear a number of Plaintiff's claims. As such, those claims must be dismissed.

### STATEMENT OF THE CASE

Plaintiff's Complaint challenges his suspension from Virginia Tech for violating Virginia Tech's sexual violence and alcohol policies. In doing so, Plaintiff attempts to set forth seven causes of action: (1) A due process claim under the Fourteenth Amendment and 42 U.S.C. § 1983; (2) a due process claim under Article I, Section 11, of the Virginia Constitution; (3) a gender discrimination claim under Title IX (20 U.S.C. § 1681 et seq.); (4) a claim for negligence; (5) a claim for breach of contract; (6) a claim for violation of Virginia's law of associations; and (7) a claim for declaratory judgment.



629.0333\NHS
4822-3458-7011 .v1

Case 7:18-cv-00523-EKD-RSB   Document 16   Filed 12/21/18   Page 1 of 9   Pageid#: 74

<u>**STATEMENT OF FACTS**</u>

The first paragraph of the Complaint broadly asserts claims against all the Defendants "for gender-based discrimination in violation of Title IX of the Education Amendments of 1972 (20 U.S .C. § 1681 <u>et</u> <u>seq.</u>), violations of his rights under the due process and equal protection requirements of the Fourteenth Amendment to the United States Constitution, Art.I, § 11 of the Virginia Constitution, breach of contract, and other state law causes of action." ECF No. 1, at *1.

Plaintiff alleges that Virginia Tech suspended him until fall semester 2019. <u>Id.</u> at ¶ 48. The Complaint alleges that the suspension came after Virginia Tech failed to properly notify him of the charges against him, failed to perform a thorough and impartial investigation, failed to provide Plaintiff a meaningful opportunity to confront Roe and other witnesses, failed to allow Plaintiff proper notice to obtain outside counsel, used an improper standard of proof, and disregarded exculpatory evidence. <u>Id.</u> at ¶¶ 60–64.

Virginia Tech apparently initiated its investigation of Plaintiff in the shadow of the Office for Civil Rights' ("OCR") investigations into how colleges and universities handle allegations of sexual assault and after innumerable reports covered in the national media that suggest the pervasive nature of sexual assault committed by male students on college campuses throughout the nation. <u>Id.</u> at ¶ 78. Plaintiff alleges that as a reaction to the scrutiny of these nation-wide OCR investigations and national stories, and in order to be perceived as aggressively addressing the perceptions that sexual assault against female students is rampant on college and university campuses, Virginia Tech treats male students accused of sexual misconduct by female students more aggressively than it



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0333\NHS
4822-3458-7011 .v1

otherwise would, and more aggressively than it would treat similar complaints made by male students against female students. Id. at ¶¶ 78–79.

Plaintiff alleges that Virginia Tech created in Mr. Doe an expectation that he would be allowed to continue his course of study until he earned his degree from the University, provided that he maintained satisfactory grades and complied with University rules and policies. Id. at ¶ 91. Plaintiff also alleges that he paid the University money for his education, and that Virginia Tech contracted to provide Plaintiff with access to its undergraduate degree program. Id. at ¶¶ 10, 90.

<u>ARGUMENT & AUTHORITIES</u>

"Both sovereign immunity and standing lie at the heart of federal subject matter jurisdiction." <u>Falwell v. City of Lynchburg</u>, 198 F. Supp. 2d 765, 771 (W.D. Va. 2002).

**I.    <u>Standard of Review</u>**

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to challenge the court's subject matter jurisdiction to hear a claim. A Rule 12(b)(1) motion may present either a facial challenge or a substantive challenge to the allegations in a complaint. <u>Kerns v. United States</u>, 585 F.3d 187, 192 (4th Cir. 2009). A facial challenge is based on the plaintiff's failure "'to allege facts upon which subject matter jurisdiction can be based.'" <u>Id.</u> (quoting <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982)). A substantive challenge under Rule 12(b)(1) "challenges the factual predicate of [the court's] subject matter jurisdiction" and permits a court to "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations, without converting the motion to a summary judgment proceeding." <u>Id.</u> (internal quotation and emphasis omitted).   "[T]he burden of proving subject matter jurisdiction is



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0333\NHS
4822-3458-7011 .v1

on the plaintiff." <u>Richmond, Fredericksburg & Potomac R. Co. v. U.S.</u>, 945 F.2d 765, 768 (4th Cir. 1991) (citing <u>Adams</u>, 697 F.2d at 1219).

**II.     <u>Virginia Tech and Its Officials Are Immune from Suit in Their Official Capacities.</u>**

Plaintiff's claims against Virginia Tech and its officials in their official capacities are barred. Because neither Virginia Tech nor its officials are "person[s]" for purposes of 42 U.S.C. § 1983, and Defendants are entitled to sovereign immunity afforded by the Eleventh Amendment, the Court lacks subject matter jurisdiction to hear Plaintiff's claims for money damages against the defendants in their official capacities.

**a.     <u>Virginia Tech is not a "person" for purposes of 42 U.S.C. § 1983.</u>**

42 U.S.C. § 1983 provides a remedy for violations of a right secured by the Constitution and the laws of the United States "'committed by a person acting under color of state law.'" <u>Crosby v. City of Gastonia</u>, 635 F.3d 634, 639 (4th Cir. 2011) (quoting <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)). "[A]n official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'" <u>Hafer v. Melo</u>, 502 U.S. 21, 26 (1991) (quoting <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." <u>Will</u>, 491 U.S. at 71.

Virginia Tech is a state agency. Va. Code § 23.1-2600, <u>et seq.</u> The Board of Visitors of Virginia Tech is a body corporate created by the Virginia General Assembly to operate the university. <u>Id.</u> Therefore, neither Virginia Tech nor any of its officials in their official capacity is a "person" under § 1983. <u>See Yunsong Zhao v. Va. Polytechnic Inst. & State Univ.</u>, No. 7:18cv189, 2018 WL 5018487, 2018 U.S. Dist. LEXIS 177991, at *8 (W.D. Va.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 4 -

Oct. 15, 2018) (citing <u>Carboni v. Meldrum</u>, 949 F. Supp. 427, 433 (W.D. Va. 1996); <u>Collin v. Rector & Bd. of Visitors of the Univ. of Va.</u>, 873 F. Supp. 1008, 1013 (W.D. Va. 2005)). Because they are not "persons," Plaintiff may only recover equitable relief from Virginia Tech and its officials in their official capacity.

      **b.**     **<u>Virginia Tech is Entitled to Eleventh Amendment Immunity from All Claims.</u>**

The Eleventh Amendment to the United States Constitution grants the several states immunity from citizen-suits for money damages without the states' consent. <u>See Seminole Tribe v. Florida</u>, 517 U.S. 44, 54 (1996) (citing <u>Hans v. Louisiana</u>, 134 U.S. 1, 13 (1890)). Sovereign immunity also protects state officials sued for damages in their official capacities. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989); <u>Bland v. Roberts</u>, 730 F.3d 368, 389-90 (4th Cir. 2013) (Eleventh Amendment immunity for state officials extends to "state agents and state instrumentalities" who are "arms of the State."). Congress may abrogate a state's sovereign immunity, <u>id.</u>, but 42 U.S.C. § 1983 contains no such legislative intent. <u>McConnell v. Adams</u>, 829 F.2d 1319, 1328 (4th Cir. 1987) (citing <u>Quern v. Jordan</u>, 440 U.S. 332, 341 (1979)). Furthermore, while the Virginia Tort Claims Act, Va. Code § 8.01-195 <u>et seq.</u>, permits a claim for damages against the Commonwealth of Virginia, that Act specifically preserves "individual immunity of judges, the Attorney General, attorneys for the Commonwealth, and other public officers, their agents, and employees from tort claims for damages . . . ." <u>Accord</u> <u>Rector & Visitors of the Univ. of Va. v. Carter</u>, 267 Va. 242, 245, 591 S.E.2d 76, 78 (2004); <u>McConnell</u>, 829 F.2d at 1329.[1]



FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

---

[1] In addition, state courts retain exclusive jurisdiction to hear claims brought pursuant to the Virginia Tort Claims Act. Va. Code § 8.01-195.4; <u>Trantham v. Henry Cnty. Sheriff's Office</u>, No. 4:10cv58, 2011 U.S. Dist. LEXIS 24512, at *14-15, 2011 WL 863498 (W.D. Va. Mar. 10, 2011).

- 5 -

629.0333\NHS
4822-3458-7011 .v1

The "Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar." <u>Edelman v. Jordan</u>, 415 U.S. 651, 677-78 (1974) (citing <u>Ford Motor Co. v. Dep't of Treasury</u>, 323 U.S. 459 (1945)). Thus, the application of sovereign immunity may be considered for purposes of Rule 12(b)(1) as a facial attack to subject matter jurisdiction. <u>See</u> <u>Stidham v. United States</u>, No. 1:15cv15, 2015 U.S. Dist. LEXIS 87271, at *4-5, 2015 WL 4076800 (W.D. Va. July 6, 2015); <u>Trantham v. Henry Cnty. Sheriff's Office</u>, No. 4:10cv58, 2011 U.S. Dist. LEXIS 24512, at *9, 2011 WL 863498 (W.D. Va. Mar. 10, 2011) (collecting cases); <u>Colonial Beach Yacht Ctr., Inc. v. United States</u>, 700 F. Supp. 2d 774, 778 (E.D. Va. 2010).

Sovereign immunity shields a state agency from suit if the agency acts as an "arm of the state." <u>Cash v. Granville Cnty. Bd. of Educ.</u>, 242 F.3d 219, 224 (4th Cir. 2001); <u>Harter v. Vernon</u>, 101 F.3d 334, 337 (4th Cir. 1996). This inquiry hinges on whether "'under state law, the entity functions more like a county or municipality than like an arm of the State itself.'" <u>Kincaid v. Anderson</u>, No. 1:14cv27, 2015 WL 3546066, 2015 U.S. Dist. LEXIS 73510, at *7 (W.D. Va. June 8, 2015) (quoting <u>Nelson v. Herrick</u>, No. 3:11cv0014, 2011 U.S. DIst. LEXIS 123618, 2011 WL 5075649, at *9 (W.D. Va. Oct. 26, 2011)).

As an agency of the Commonwealth, Virginia Tech enjoys Eleventh Amendment immunity from suit in federal court. <u>See</u> <u>Carboni</u>, 949 F. Supp. at 433 (Virginia Tech is entitled to Eleventh Amendment immunity). Further, <u>Ex Parte Young</u>'s exception to Eleventh Amendment immunity does not extend to "permit judgments against state officers declaring that they violated federal law in the past . . . ." <u>Yunsong Zhao</u>, 2018 U.S. Dist. LEXIS 177991, at *9–10 (citing <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 146 (1993)).



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0333\NHS
4822-3458-7011 .v1

Accordingly, Plaintiff's § 1983 claim, state law claims in Count Two, Four, Five, and Six, and request for declaratory relief in Count Seven against Virginia Tech must be dismissed.

### III.    Individuals Are Not Proper Parties under Title IX.

Title IX authorizes suits against only institutions and programs not against school officials, teachers, or other individuals. "Title IX reaches institutions and programs that receive federal funds, 20 U.S.C. § 1681(a) . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." <u>Fitzgerald v. Barnstable School Comm.</u>, 555 U.S. 246, 247 (2009). Therefore, Count Three against the individual Defendants must be dismissed pursuant to Rule 12(b)(1) because they are not proper parties. <u>See</u> <u>Outterbridge v. Dep't of Homeland Sec.</u>, No. 15-1391, 2017 U.S. Dist. LEXIS 104996, at *3–4 (D.D.C. July 7, 2017) (citing <u>Nichols v. Agency for Int'l Dev.</u>, 18 F. Supp. 2d 1, 3 (D.D.C. 1998); <u>see also</u> <u>Jennings v. Univ. of N.C.</u>, 444 F.3d 255, 268 n.8 (4th Cir. 2006) (collecting cases); <u>Armstrong v. James Madison Univ.</u>, No. 5:16cv53, 2017 WL 2406640, 2017 U.S. Dist. LEXIS 84191, at *7 (W.D. Va. June 1, 2017) (citing <u>Bracey v. Buchanan</u>, 55 F. Supp. 2d 416, 419 (E.D. Va. 1999)).

#### Conclusion

WHEREFORE, for the foregoing reasons, defendants respectfully request entry of an Order granting their Motion to Dismiss Pursuant to Rule 12(b)(1), granting their Motion to Dismiss pursuant to Rule 12(b)(6), dismissing the Complaint with prejudice and striking it from the active docket of this Court, and granting such further relief as the Court deems just and proper.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0333\NHS
4822-3458-7011 .v1

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE
AND STATE UNIVERSITY, TIMOTHY SANDS,
FRANK SHUSHOK, JR., KATIE REARDON
POLIDORO, FRANCIS KEENE, ENNIS MCCRERY,
AND AARON REISTAD

By:     /s/_____
                *Counsel for Defendants*

Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
Winston W. Burks, IV (VSB #: 93411)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
           nschnetzler@faplawfirm.com
           wburks@faplawfirm.com

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Stephen F. Capaldo (VSB No.: 74045)
*scapaldo@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Fax: (540) 231-6474



629.0333\NHS
4822-3458-7011 .v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2018, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler
Of Counsel



629.0333\NHS
4822-3458-7011 .v1